UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JACQUELINE CONWAY, | * |
| Plaintiff, | * |
| v. | * |
| | *  Civil Action No. 1:25-cv-01826 |
| JASMINE JEFFRY #6503, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through their undersigned counsel, submit this memorandum in support of their Motion to Dismiss or for Summary Judgment.

## INTRODUCTION

Plaintiff' brings state and federal claims, based on her arrest on October 29, 2024, against two Baltimore County police officers: Jasmine Jeffry and Bryan McDowell. Counts I and II are claims under 42 U.S.C. § 1983 based on the Second, Fourth, and Fourteenth Amendments to the U.S. Constitution. (ECF No. 2 at 7–11.) Count III is a § 1983 claim against Officer McDowell based on bystander liability. (ECF No. 2 at 11–13.) Count IV is a state law false arrest claim. (ECF No. 2 at 13–14.) Count V is a state law false imprisonment claim. (ECF No. 2 at 14–16.) Count VI is a state law "assault & battery" claim. (ECF No. 2 at 16–18.) Count VII is a state law malicious prosecution claim. (ECF No. 2 at 18–20.) Count VIII is a claim against Officer Jeffry

under Articles 24 and 26 of the Maryland Declaration of Rights. (ECF No. 2 at 18-20.) Count IX is an "Aiding & Abetting Liability" claim under Articles 24 and 26 against Officer McDowell. (ECF No 22–24.)

## STATEMENT OF UNDISPUTED FACTS

On October 29, 2024, Plaintiff, working as a food delivery driver, arrived at the door of customer Keyon Agnew. (ECF No. 2 ¶ 6.) According to her statement to Officer Jeffry, when Mr. Agnew answered the door, he was naked from the waist down. (Ex. A 4:58.)[1]

Plaintiff then "contacted 911 two or three times to no avail, they answered but there was no timely dispatch of law enforcement." (ECF No. 2 ¶ 9.) Plaintiff then "decided to drive to the Towson police precinct to press charges against the customer; while en route, Plaintiff encountered [Officer] Jeffry in the parking lot of a local Walgreens Drug Store; Plaintiff advised [Officer] Jeffry of what happened … and they both returned to the scene of the incident." (ECF No. 2 ¶ 10.)

Officer Jeffry questioned Mr. Agnew, who denied being naked when answering the door. (Ex. A 1:39.) He then stated he went to Plaintiff's parked car and Plaintiff said to him "don't come up to my vehicle. I'm put some bullets in you." (Ex. A 2:33.) Mr. Agnew said he thought Plaintiff was holding a taser. (Ex. A 2:50.)

Officer Jeffry then spoke to Plaintiff, who said that Mr. Agnew "came over to

---

[1] Exhibits A, B, and D are video from Officer Jeffry's body worn camera. Exhibit C is video from Officer McDowell's body worn camera. The numbers represent time elapsed in each video.

2

my truck. I pulled my gun …. I told him 'Get the fuck away from my truck.'" (Ex. A 6:16.) Officer Jeffry asked Plaintiff is she "remove[d] the gun from the holster" and she replied "I sure did." (Ex. A 8:30.) She explained that "I pulled it right here like this. And he must have saw it … because he backed up and said 'I don't want no trouble.'" (Ex. A 8:44.) Later, when questioned again, Plaintiff stated that "when he came over I made sure he saw it. And I told him 'Get the fuck away from my vehicle.'" (Ex. B 2:48.)

Officer McDowell then arrived and parked behind Plaintiff's vehicle, leaving ample room for Plaintiff to back up her vehicle and leave if she chose. (Ex. C 0:53.) Officer Jeffry handcuffs Plaintiff (Ex. C 6:55.) Officer McDowell removed Plaintiff's phone, wallet, and purse from her vehicle. (Ex. C 3:50.) By agreement with Plaintiff, Officer McDowell took possession of her phone and wallet put her purse back in her vehicle. (Ex. D 6:23.) Plaintiff never complains about pain from the handcuffs nor complains about any pain during the ride from the scene to the police station. Soon after sitting in the back seat of the police vehicle Plaintiff mutters "This is so uncomfortable." (Ex. D 9:21.) During the ride to the police station Plaintiff makes a statement about "my back" and Officer Jeffry states that "I'm trying to get you there pretty quick" and Plaintiff responds "That's okay." (Ex. D 14:02.) At the police station, when Officer Jeffry was removing the handcuffs, Plaintiff says "Stop saying you're sorry, you're just doing your job." (Ex. D 23:32.)

Defendant was charged with first degree assault and second degree assault. (ECF No. 2 ¶¶ 13, 14.)

3

**STANDARD OF REVIEW**

To withstand a motion to dismiss, the factual allegations of the Amended Complaint, assumed to be true, "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well-pleaded facts must do more than suggest "the mere possibility" of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face' " such that the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, No. 20-1583, 2022 WL 1672142, at *3 (4th Cir. May 26, 2022) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

      Where the nonmoving party bears the burden of proof at trial, the moving party may discharge its initial burden at summary judgment by "showing—that is, pointing

4

out to the ... court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "If the moving party carries this initial burden, the burden then shifts to the nonmoving party, who must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (cleaned up). *Anderson v. Diamondback Inv. Group, LLC*, 117 F.4th 165, 174 (4th Cir. 2024).

## ARGUMENT

I. **BECAUSE THERE WAS PROBABLE CAUSE TO BELIEVE PLAINTIFF COMMITTED FIRST DEGREE ASSAULT, DEFENDANTS ARE ENTITLED TO JUDGMENT ON ALL CLAIMS.**

In Maryland, "assault" is defined as "the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings." Md. Code Ann. Crim. Law § 3–201(b). One of those meanings is that "an individual can commit an assault merely by 'intentional[ly] frightening' someone, even absent physical contact." *Garcia v. Montgomery Cnty., Maryland*, 145 F. Supp. 3d 492, 520–21 (D. Md. 2015) (citing *Wieland v. State*, 101 Md. App. 1, 37 (1994)). Put another way, "this variety of assault as the doing of an act that places the victim in apprehension of immediate bodily harm with the intent to cause such apprehension." *Wieland*, 101 Md. App. at 38. Such an assault with a firearm is first degree assault and a felony. *See* Md. Code Ann., Crim. Law § 3-202(b)(2), (c).

5

Under both Maryland and federal law, probable cause to support an arrest is essentially a reasonable belief that the person to be arrested has committed a crime. *See Cahaly v. Larosa*, 796 F.3d 399, 407 (4th Cir. 2015) (An officer has probable cause to make an arrest when there are "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed … an offense." (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)); *Elliott v. State*, 417 Md. 413, 431 (2010) ("Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.") (internal quotation and citation omitted).

Under the undisputed facts, there was probable cause to believe that Plaintiff had committed the crime of first degree assault. Mr. Agnew told Officer Jeffry that Plaintiff had threatened to "put bullets" in him. (Ex A 2:33.) Plaintiff admitted that she removed her gun from its holster and "made sure [Mr. Agnew] saw it." (Ex. B 2:48.) She told him to "get the fuck away from my vehicle." (*Id*.) These facts support a reasonable belief that Plaintiff intended to frighten Mr. Agnew by making him believe that she would shoot him if he did not back away from her vehicle. Given this probable cause, Defendants are entitled to judgment on all claims.

Counts I and II are based on alleged violations of the Second, Fourth, and Fourteenth Amendments. Because there was probable cause to arrest Plaintiff, there

6

was no Second Amendment violation based on the seizure of Plantiff's firearm. There is no right to possess a firearm that has been seized as evidence of a crime the firearm's owner has committed, assuming the seizure itself does not violate the Fourth Amendment. *See Kelly v. Conner*, 769 Fed. Appx. 83, 90 (4th Cir. 2019) ("a valid Fourth Amendment seizure allows the retention of a defendant's weapons until the criminal charge related to the seizure is dismissed").

There is also no violation of the Fourth Amendment based on her arrest, given there was probable cause to arrest her. *See, e.g., Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed"). Likewise Plaintiff's due process rights were not violated by a an arrest supported by probable cause and thus Defendants are entitled to judgment on a Fourteenth Amendment claim. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181–82 (4th Cir. 1996). To the extent Plaintiff alleges any federal constitutional claim based on unreasonable or excessive force, the video evidence shows that the only force used against Plaintiff was being handcuffed and being placed in the back of a police car. Such force is not constitutionally unreasonable, especially given that Plaintiff, after sitting in the back seat of the police vehicle Plaintiff muttered just once that "This is so uncomfortable" (Ex. D 9:21) and that during the ride to the police station Plaintiff made a single statement about "my back" and that Officer Jeffry stated that "I'm trying to get you there pretty quick" and Plaintiff responded "That's okay." (Ex. D 14:02.). The video evidence does not depict

7

Plaintiff even once complaining about the handcuffs being too tight nor does she ever inform the officers that she has a particular medical condition that would make it especially uncomfortable or painful to be handcuffed and placed in a police car for transport just like every other person arrested. Courts have repeatedly found that under such circumstances simply being uncomfortable is not excessive force. *See Stutzman v. Krenik*, 350 F. Supp. 3d 366, 382 (D. Md. 2018) ("courts have also held that handcuffing an arrestee with his arms behind his back can constitute a constitutional violation if such handcuffing causes pain and injury as a result of a *known* medical condition." (emphasis added) (citing Howard v. Dickerson, 34 F.3d 978, 979,981 (10th Cir. 1994); *Walton v. City of Southfield*, 995 F.2d 1331, 1341-42 (6th Cir. 1993)). And even when officers *are* aware of an injury that might make handcuffing more painful, such handcuffing is generally not force impermissible under the Fourth Amendment. *See Schoonover v. Clay Cnty. Sheriff's Dep't*, No. 20-1680, 2023 WL 4026091, at *5–6 (4th Cir. June 15, 2023).

Count III, for bystander liability, also fails because "An officer may only be held liable under a bystander liability theory in connection with a constitutional violation where the officer knows that a fellow officer is violating an individual's rights …." *Quinn v. Zerkle*, 111 F.4th 281, 295 (4th Cir. 2024). Here, there was no constitutional violation, thus there can be no bystander liability.

Count IV is a state law false arrest claim, Count V is a state law false imprisonment claim. The elements of the claims are identical, including "without legal justification." *Heron v. Strader*, 361 Md. 258, 264 (2000). Under Maryland law,

8

a police officer may arrest without a warrant if there is probable cause to believe that the arrestee has committed a felony. Md. Code Ann., Crim. Proc. § 2-202(c). Because there was probable cause to believe that Plaintiff committed first degree assault, Plaintiff's arrest was lawful and Defendants are entitled to judgment on Counts IV and V.

Count VI alleges "assault & battery" but these are separate torts under Maryland law. In a complaint for assault, one must allege that he or she was intentionally threatened by a defendant who possessed the apparent present ability to carry out that threat (measured by a standard of reasonableness). *Braun v. Maynard*, No. 1:09-CV-1897, 2010 WL 1375172, at *6 (D. Md. Mar. 31, 2010), *aff'd*, 652 F.3d 557 (4th Cir. 2011) (citing and quoting *Lee v. Pfeifer*, 916 F. Supp. 501 (D. Md. 1996)); *Cooper v. Harbour Inns of Balt., Inc.*, Civil No. L-98-2173, 2000 WL 351373 (D. Md. Mar. 20, 2000). Battery is "harmful or offensive contact with another without that person's consent." *Nelson v. Carroll*, 355 Md. 593, 600 (1999).

Claims for assault arising from incidents of alleged false imprisonment are "'analytically dependent upon the cause of action for false imprisonment.'" *Sydnor v. The Finish Line, Inc.*, Civil No. CCB-10-3650, 2011 WL 4592400, at *3 (D. Md. Sept. 29, 2011) (quoting *Ashton v. Brown*, 339 Md. 70, 119 n.24, 660 (1995)). "In other words, … where there is legal justification for the detention, reasonable physical force used to effectuate the detention is not tortious. Conversely, the use of force to effectuate detention without legal justification may give rise to liability for assault and battery." *Sydnor*, 2011 WL 4592400, at *3. The same analysis applies to a battery

9

claim: "An officer is not liable for battery for using a reasonable amount of force when effectuating a lawful detention or arrest." *Stutzman v. Krenik*, 350 F. Supp. 3d 366, 383 (D. Md. 2018) (citing *Ashton*, 339 Md. 70 at 119 n.24. Because the arrest was lawful under Maryland law and the amount of force used was reasonable, Defendants are entitled to judgment on assault and battery claims.

Count VII, a malicious prosecution claim, also fails for lack of probable cause. A lack of probable cause is a necessary element of a malicious prosecution claim. *See, e.g.*, *Daulatzai v. Maryland*, 606 F. Supp. 3d 252, 274 (D. Md. 2022), *aff'd*, 97 F.4th 166 (4th Cir. 2024) (citing *Heron v. Strader*, 361 Md. 258, 264 (2000). Because there was probable cause to arrest Plaintiff for first degree assault, Defendants are entitled to judgment on the malicious prosecution claim.

Count VIII brings claims under Articles 24 and 26 of Maryland's Declaration of Rights, namely that she and her firearm were seized without probable cause and that excessive force was used against her. (ECF No. 2 ¶ 68.)  Because there was probable cause to arrest her, any such claims based on lack of probable cause fail, given that "Article 24 and Article 26 claims incorporate the same legal standard as h[er] federal false arrest claim." *Brooks v. McKimmie*, No. CV DLB-23-0208, 2025 WL 1018882, at *5 (D. Md. Apr. 4, 2025) (citing *Ross v. Early*, 899 F. Supp. 2d 415, 431 (D. Md. 2012)).

Similarly, because she was lawfully arrested, the seizure of her firearm was also lawful, as seized evidence. *Paulino v. State*, 399 Md. 341, 350 (2007) ("Police are allowed to … 'seize any evidence on the arrestee's person in order to prevent its

10

concealment or destruction.'") (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)). Additionally, as explained above, unreasonable force was not used in arresting Plaintiff.

Count IX is an "Aiding & Abetting Liability" claim under Articles 24 and 26 against Officer McDowell. (ECF No. 2 at 22–24.) He is entitled to dismissal of this claim because Maryland law does not recognize such a cause of action. *See Manikhi v. Mass Transit Admin.*, 360 Md. 333, 360 n.6 (2000). Rather, such liability is merely a form of liability based on an underlying tort. And because there is otherwise no violation of Articles 24 and 26, Officer McDowell could not be liable for aiding and abetting such a violation even if there were such a cause of action under Maryland law.

## II. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON THE FEDERAL CLAIMS.

Even if this Court were to conclude that Defendants were not entitled to judgment on the federal claims on their merits, they would still be entitled to judgment on these claims based on qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (per curiam) (internal quotation marks omitted). A right is clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (internal quotation marks omitted). For a right to

be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *White*, 137 S.Ct., at 551 (alterations and internal quotation marks omitted). In other words, immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id*. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (internal quotation marks omitted). "[S]pecificity is especially important in the Fourth Amendment context, where ... it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Mullenix*, 577 U.S. at 12 (alterations and internal quotation marks omitted).

Put another way, "[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). But here there was not even a "bad guess." Given the definition of first degree assault and given the facts available to the officers, the decision that Plaintiff had committed first degree assault was a good guess. There was simply no law or facts available to the officers that would have told them that arresting Plaintiff for first degree assault was a clear violation of the established precedent. Likewise, there was no facts or law available to Defendants that would have told them that placing Plaintiff in handcuffs and placing her in the back of a police car for a ride to the police station was unreasonable force or otherwise violated any federal constitutional provision. *See Carter v. Jess*, 179 F. Supp. 2d 534, 547 (D. Md. 2001)

12

(officers entitled to qualified immunity on excessive force claim "the officers are entitled to qualified immunity as to the excessive force claim where video "shows that Plaintiff may have experienced some degree of discomfort or pain during the arrest.").

## CONCLUSION

For the reasons stated, the Court should grant judgment to Defendants on all claims.

Respectfully submitted,

**JAMES R. BENJAMIN, JR.**
Baltimore County Attorney

_____/s/_____
Bradley J. Neitzel
Assistant County Attorney
Bar No.: 26787
Baltimore County Office of Law
400 Washington Avenue, 2nd Floor
Towson, Maryland 21204
(410) 887-2364
(410) 296-0931 (facsimile)
bneitzel@baltimorecountymd.gov
*Counsel for Defendants*